UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TINA DAVIS, | : | Case No. 1:15-cv-335 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| BUTLER COUNTY, OHIO, *et al.*, | : | |
| Defendants. | : | |

## ORDER *SUA SPONTE* DISMISSING THIS CIVIL ACTION UNDER THE DOCTRINE OF *RES JUDICATA*

This civil action is barred from review under the doctrine of *res judicata* because Plaintiff Tina Davis previously filed a complaint against the same Defendants, which was dismissed with prejudice on December 8, 2014 for failure to state a claim upon which relief may be granted. *See Davis v. Butler County Sheriff, et al.*, Case No. 1:14cv804, 2014 U.S. Dist. LEXIS 170113 (S.D. Ohio Dec. 8, 2014) (Black, J.; Bowman, M.J.) (Docs. 5, 10).

"The doctrine of *res judicata*, or claim preclusion, provides that a final judgment on the merits of an action precludes the 'parties or their privies from relitigating issues that were or could have been raised' in [that] prior action." *Harris v. Ashley*, No. 97-5961, 1998 U.S. App. LEXIS 22693, at *2 (6th Cir. Sept. 14, 1998) (*per curiam*) (*quoting Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995)). The doctrine applies not only to issues which were actually raised and litigated in the prior action, but also to any issues "which the parties, exercising reasonable diligence, might have brought

forward at the time." *J.Z.G. Res. v. Shelby Ins. Co.*, 84 F.3d 211, 213 (6th Cir. 1996) ("Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated as well as every theory of recovery that could have been presented.").

Consideration of a subsequent complaint is precluded under the *res judicata* doctrine if: (1) a final decision was rendered on the merits in the first action by a court of competent jurisdiction; (2) the subsequent action involves the same parties, or their privies, as the first action; (3) the second action raises issues or claims which were either actually litigated or should have been raised and litigated in the prior action; and (4) there is an "identity" between the causes of action to the extent the "claims arose out of the same transaction or series of transactions, or…the same core of operative facts." *Browning v. Levy*, 283 F.3d 761, 771-71, 773-74 (6th Cir. 2002).  All four elements necessary for the application of the *res judicata* doctrine are present in this case.

First, the dismissal of Plaintiff's prior complaint with prejudice for failure to state a claim constituted a final decision on the merits. *See, e.g., Baldwin v. Wyoming Police Dep't*, No. 1:11cv858, 2011 U.S. Dist. LEXIS 152736, at *8-11 (S.D. Ohio Dec. 14, 2011) (*citing* Harmon *v. Webster*, 263 F. App'x, 844, 845-46 (11th Cir. 2008) (dismissal of prior complaint under 28 U.S.C. § 1915(e)(2) constituted an adjudication on the merits for *res judicata* purposes)).

Second, this case involves the same parties as the prior action – specifically, Sheriff Richard Jones, Officer Hollingsworth, and the State of Ohio. (*See Davis v. Butler County Sheriff*, Case No. 1:14cv804, Doc. 3 at 2).

Finally, Plaintiff's allegations were or could have been raised in the prior action, and the claims raised in both cases arise out of and are predicated on the same events and same operative facts. In both complaints, Plaintiff alleges claims for malicious prosecution and abuse of process stemming from drug trafficking and possession charges as a result of a search performed at 330 East Avenue, Hamilton, Ohio 45011. (*See Davis v. Butler County Sheriff*, Case No. 1:14cv804, Doc. 3 at 5-8).

Therefore, the Court concludes that Plaintiff's complaint is subject to dismissal because the doctrine of *res judicata* applies to bar consideration of the complaint which raises claims that were or should have been raised in the prior lawsuit that was dismissed with prejudice on December 8, 2014.

Accordingly, this civil action is **DISMISSED** as a matter of law.

The Clerk shall enter judgment accordingly, whereupon this case is **CLOSED** in this Court.

**IT IS SO ORDERED**.

Date:  11/18/15                                              *s/ Timothy S. Black*
                                                             Timothy S. Black
                                                             United States District Judge